UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:11-CV-00024-JHM

**GREGORY K. SHAW, et al.**                                            **PLAINTIFFS**

**V.**

**KENTUCKY DEPARTMENT OF ALCOHOLIC
BEVERAGE AND CONTROL, et. al.**                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Commonwealth of Kentucky's Motion to Dismiss [DN 6] and Defendant Kentucky Department of Alcoholic Beverage Control's Motion to Dismiss [DN 7]. Although no replies were filed, these matters are ripe for decision. For the following reasons, the Court **GRANTS** the Defendants' motions to dismiss.

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," Am. Telecom Co. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," Schultz v. General R.V. Center, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Ky., 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust, 491 F.3d 320, 330 (6th Cir. 2007).

"If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. BACKGROUND

The instant action is the result of a local option election conducted pursuant to K.R.S. §242.185(6) on November 24, 2009, in the City of Jamestown, and the Jamestown and Lake Precincts of Russell County, Kentucky. Under K.R.S. § 242.185(6),

> a city or county in which prohibition is in effect may, by petition in accordance with KRS 242.020, hold a local option election on the sale of alcoholic beverages by the drink at restaurants and dining facilities which seat a minimum of one hundred (100) persons and derive a minimum of seventy percent (70%) of their gross receipts from the sale of food. The election shall be held in accordance with KRS 242.030(1), (2), and (5), 242.040, and 242.060 to 242.120, and the proposition on the ballot shall state "Are you in favor of the sale of alcoholic beverages by the drink in (name of city or county) at restaurants and dining facilities with a seating capacity of at least one hundred (100) persons and which derive at least seventy percent (70%) of their gross receipts from the sale of food?".

While the City of Jamestown rejected the ballot proposition, the Jamestown and Lake Precincts both approved the ballot proposition.

The results of the local option election for the Jamestown and Lake Precincts were challenged by several residents including Defendants Thomas Skaggs and Tony Salyer through an election contest in the Russell Circuit Court. That court ruled that the results were invalid on two grounds: (1) K.R.S. § 242.185(6) only permits local option elections for cities and counties, not for individual precincts; and (2) the language used on the ballot for the Jamestown and Lake Precincts did not substantially comply with K.R.S. § 242.185(6). The Russell Circuit Court's ruling was appealed to the Kentucky Court of Appeals and affirmed. The Kentucky Supreme Court did not accept discretionary review.

Plaintiffs Greg Shaw, Floyd Back, and Dr. Vijay Jain have filed the instant suit against the

Commonwealth of Kentucky ("Commonwealth"), the Kentucky Department of Alcoholic Beverage Control ("Kentucky Department of A.B.C."), Thomas Skaggs, and Tony Salyers. Plaintiffs allege claims under 42 U.S.C. § 1983 for violations of the First, Fifth, and Fourteenth Amendments, claims under Sections 1, 2, and 3 of the Kentucky Constitution, and common law negligence. Plaintiffs seek injunctive relief, a declaratory judgment, and compensatory and punitive damages.

### III. DISCUSSION

Defendants Commonwealth and Kentucky Department of A.B.C. have moved to dismiss the claims against them asserting that they are entitled to sovereign immunity. The Eleventh Amendment bars "all suits, whether for injunctive, declaratory, or monetary relief, against the state and its departments by . . . its own citizens."[1] Thiokol Corp. v. Dep't of Treasury, Revenue Div., 987 F.2d 376, 381 (6th Cir.1993) (internal citations omitted); see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 124 (1984); Alabama v. Pugh, 438 U.S. 78l, 782 (1978). There are three exceptions to Eleventh Amendment immunity: (1) a State may waive its immunity under the amendment; (2) under certain circumstances, Congress may abrogate sovereign immunity for States; or (3) a federal court may enjoin a "state official" from violating federal law under *Ex Parte* Young, 209 U.S. 123 (1908). Lawson v. Shelby Cnty., 211 F.3d 331, 334-35 (6th Cir. 2000).

Defendants contend that as a State and a State department, respectively, that they are entitled to sovereign immunity. Plaintiffs contend that the Defendants are proper parties under the *Ex Parte*

---

[1] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

Young exception to the Eleventh Amendment. However, the exception that Plaintiffs have invoked only applies to "state officials sued in their official capacity for prospective injunctive or declaratory relief." Thiokol, 987 F.2d at 381. Neither the Commonwealth nor the Kentucky Department of A.B.C. are "state officials."[2] Therefore, the Court finds that they are entitled to sovereign immunity and the claims against those two Defendants should be dismissed with prejudice.[3]

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Commonwealth of Kentucky's Motion to Dismiss [DN 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Kentucky Department of Alcoholic Beverage Control's Motion to Dismiss [DN 7] is **GRANTED**.

cc: counsel of record

---

[2] Plaintiffs' response to Defendant Commonwealth's motion to dismiss claimed that an Amended Complaint was being filed contemporaneously with the response that would assert individual wrongdoing against the Kentucky Attorney General in his official capacity. However, no such Amended Complaint has ever been filed with the Court.

[3] The Court notes that the individual defendants have not moved for dismissal of any claims, although it appears that they are individual citizens and not state actors for § 1983 purposes.